UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CASE NO.: 11 CV 4177

ALEX WALKER,

        Plaintiff,

v.

THREE ANGELS BROADCASTING
NETWORK, INC., and TOMMY SHELTON

        Defendants.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Alex Walker, by and through undersigned counsel, and hereby files this Complaint and Demand for Jury Trial, and alleges as follows:

1. This case arises from the childhood sexual abuse of Plaintiff Alex Walker by Tommy Shelton, an employee of Three Angels Broadcasting Network, Inc. and pastor in the Church of God religion.

### Parties, Jurisdiction, and Venue

2. At all relevant times, Plaintiff Alex Walker was a minor and a resident of Illinois and Virginia, where the abuse alleged herein occurred. He is an adult resident of the State of Illinois at this time.

3. Three Angels Broadcasting Network, Inc. (hereinafter "3ABN") is a non-profit corporation organized and existing under the laws of the State of Illinois, with its principle place of business located at 3391 Charley Good Road, West Frankfurt, Illinois, 62896. During the relevant time period, 3ABN operated several international television and radio networks devoted

to Christian-based programming.  The networks are broadcast throughout the Northern District of Illinois and feature programming that is filmed in the Chicago, Illinois, area.  At all relevant times, Danny Lee Shelton was President of 3ABN.

4.     Tommy Shelton was at all relevant times an adult and employee/agent of 3ABN. In 1997, Tommy Shelton began sexually abusing Plaintiff while living and working for 3ABN in Virginia.  In 2001, he moved to Kentucky and commuted to Illinois to work at 3ABN, where he also sexually abused the Plaintiff.  He currently resides in Virginia where he is awaiting trial on charges that he sexually abused children there.

5.     This is an action for damages in excess of $5 million.

6.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under the laws of the United States.

7.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all other claims set forth herein which form part of the same case or controversy.

8.     Venue is proper under 28 U.S.C. § 1391(b-c) because the Defendant 3ABN regularly broadcasts its programming to and conducts business in the Chicagoland area, and otherwise maintains sufficient contacts such that it is subject to personal jurisdiction in the Northern District of Illinois.

**Factual Allegations**

9.     In the early 1980's, Tommy Shelton served as Pastor at the Ezra Church of God in West Frankfort, Illinois. In 1985, numerous allegations of sexual abuse of children were made against him. As a result of the allegations, the Illinois General Assembly of The Church of God suspended Tommy Shelton and relieved him of his license and credentials.  Despite such allegations, Tommy Shelton eventually returned to his position at Ezra Church of God for

approximately two more years. Upon information and belief, more allegations of sexual abuse by Tommy Shelton surfaced and he again left the Ezra Church of God in approximately 1991.

10. After his second departure from the Ezra Church of God, Tommy Shelton was hired by 3ABN as a production manager. At this time, Tommy Shelton's brother, Danny Lee Shelton, was the President of 3ABN. Upon information and belief, Danny Lee Shelton was aware of the allegations of inappropriate conduct against his brother, Tommy Shelton at the time Tommy was hired by 3ABN.

11. During Shelton's employ at 3ABN, additional allegations of sexually-inappropriate behavior were made against Tommy Shelton, and as a result he was reassigned by 3ABN to a position of promoting the network nationally. At that time, he moved to Virginia.

12. As a result of his relocation and affiliation with 3ABN, Tommy Shelton became involved with the Community Church of God in Dunn Loring, Virginia. In 1995, he met the Plaintiff Alex Walker, who was then a minor child and congregant. Shelton eventually became a pastor at the church as well, but continued in his position at 3ABN. Upon information and belief, 3ABN was aware that Tommy Shelton was given access to children through his position at the church, yet made no effort to warn the children or their families.

13. In 1997, Tommy Shelton began sexually abusing Alex Walker, who was then 11 years old. The sexual abuse occurred numerous times and included mutual masturbation.

14. In 2000, Tommy Shelton was the subject of even more allegations of child sexual abuse and he resigned from his pastorate at the Community Church of God. He then fled to Marion, Kentucky, but maintained his paid position at 3ABN.

15. Despite being aware of the numerous allegations of sexual abuse against Tommy Shelton, 3ABN again assigned Tommy Shelton to the production department in 2001. He also

participated in the filming of 3ABN's "Kids Time" programming, often playing the piano while his brother preached to the children about God.

16. Upon information and belief, at all relevant times, Tommy Shelton was given unfettered access to children in and around the 3ABN facilities by virtue of his position and job duties.

17. In 2001, Alex Walker began working part-time at 3ABN in the production department as well. He was then 15 years old. Tommy Shelton discovered that Alex Walker was working there and resumed his grooming and sexual abuse of Alex Walker.

18. During Tommy Shelton's employ with 3ABN, he repeatedly sexually abused Alex Walker at the 3ABN facility in Illinois.

19. Tommy Shelton traveled between Kentucky and Illinois using means of interstate commerce, with the purpose and intent of sexually abusing Alex Walker, for approximately one year. The sexual abuse included mutual fondling, masturbation, and Tommy Shelton grinding his naked body against Alex Walker until he ejaculated.

20. Upon information and belief, 3ABN relied upon Tommy Shelton's position as minister and religious authority figure to further the business of 3ABN. 3ABN expected Tommy Shelton to use his training and influence as a minister in the Church of God to promote 3ABN nationally.

21. Upon information and belief, 3ABN, by and through Danny Lee Shelton, was at all relevant times aware of numerous sexual abuse allegations against Tommy Shelton, beginning with the 1985 allegations.

22. Upon information and belief, Danny Lee Shelton covered up and ignored allegations of sexual abuse against Tommy Shelton and ordered 3ABN employees to do the

same.  Danny Lee Shelton and 3ABN lied about the state of Tommy Shelton's health, campaigned to discredit those that reported abuse, and threatened accusers with lawsuits if they continued to make public allegations of sexual abuse against Tommy Shelton.

23. Upon information and belief, 3ABN created and broadcast television specials that praised Tommy Shelton and informed the community that Tommy Shelton was a good man who had the support of 3ABN.  3ABN used their broadcasts into and around the Northern District of Illinois to convey misinformation and to conceal the Defendants' wrongdoing, including 3ABN's own negligence with regard to Tommy Shelton.

24. Upon information and belief, the Board of 3ABN was aware of the numerous allegations of sexual abuse of children against Tommy Shelton prior to and during the time of his employment at 3ABN.

25. Upon information and belief, 3ABN and Danny Lee Shelton have received more allegations of sexual abuse against Tommy Shelton since 2001 and have actively concealed those allegations and ordered other 3ABN employees to do the same.

26. 3ABN knew or should have known that Tommy Shelton was sexually abusing Alex Walker, a minor child working on its premises, but failed to protect Alex or allow him to take steps to protect himself.  The scope of Tommy's crimes and knowledge by 3ABN of his propensities for sexually abusing children demonstrates that 3ABN was negligent in its supervision of Tommy Shelton, to whom 3ABN had given unrestricted access to children, including Alex Walker.

## COUNT I
## NEGLIGENCE
### Against Defendant Three Angels Broadcasting Network, Inc.

27. Plaintiff repeats and re-alleges Paragraphs 1 through 26 above.

28. At all material times, 3ABN owed a duty to Alex Walker to use reasonable care to ensure his safety, care, health, and well-being while he was in its care and control as a minor child.

29. 3ABN's duties encompassed using reasonable care in the hiring, retention, assignment and/or supervision of employees and agents who would not pose a threat to the safety, care, health, and well-being of minors on its premises, including Tommy Shelton.

30. At all relevant times, 3ABN had actual and constructive knowledge that Tommy Shelton had dangerous sexual propensities involving children, had been accused numerous times of sexual abuse of children, had been removed from his pastoral positions at churches for allegations of sexual abuse of children, had been reassigned within 3ABN previously for allegations of sexual impropriety, was clearly unfit for his duties, and presented an obvious threat to the health, safety and welfare to children, including Alex Walker, before the sexual abuse of Alex Walker.

31. 3ABN breached these duties by failing to take reasonable precautions to provide a safe environment for Alex Walker where he would be free from the unwanted sexual advances and dangerous propensities of Tommy Shelton, a person of religious authority and employee of 3ABN.  3ABN also breached its duty of care by failing to properly investigate and/or disclose its awareness of facts regarding Tommy Smith that created a likely potential for harm and actively concealing its knowledge of Tommy Shelton's propensities. 3ABN also breached its duty by hiring Tommy Smith and giving him unfettered access to children, despite having actual knowledge of numerous allegations of sexual abuse of children against Tommy Smith prior to 2001.

32. As a direct and proximate result of 3ABN's negligence, Alex Walker has

suffered and will continue to suffer severe and permanent traumatic injuries, including mental, psychological and emotional damages and loss of enjoyment of life.

WHEREFORE, Plaintiff, Alex Walker, demands judgment against Defendant, Three Angels Broadcasting Network, Inc., for compensatory damages, costs and such other and further relief as this Court may deem appropriate.

## COUNT II
## SEXUAL ASSAULT AND BATTERY
## Against Defendant Tommy Shelton

33. Plaintiff repeats and realleges paragraphs 1 through 26 above.

34. Tommy Shelton made an intentional, unlawful offer of offensive sexual contact toward Alex Walker, creating a reasonable fear of imminent peril and sexual assault.

35. Tommy Shelton intentionally inflicted harmful or offensive sexual contact on the person of Alex Walker on multiple occasions between 1997 and 2001.

36. Tommy Shelton tortiously committed a sexual assault and battery on Alex Walker. Tommy Shelton's acts were intentional, unlawful, offensive, and harmful.

37. Tommy Shelton's plan and scheme in which he committed such acts upon Alex Walker were done willfully and maliciously.

38. As a direct and proximate result of Tommy Shelton's assault on Alex Walker, he has suffered and will continue to suffer severe and permanent traumatic injuries, including mental, psychological and emotional damages and loss of enjoyment of life.

WHEREFORE, Plaintiff Alex Walker demands judgment against Defendant Tommy Shelton for compensatory damages, punitive damages, costs, and such other and further relief that this Court deems proper.

## COUNT III
### Intentional Infliction of Emotional Distress
### Against Tommy Shelton

39. Plaintiff repeats and realleges paragraphs 1 through 26 above.

40. Tommy Shelton's conduct was intentional or reckless.

41. Tommy Shelton's conduct with a minor was extreme and outrageous, going beyond all bounds of decency.

42. Tommy Shelton committed willful acts of child sexual abuse on Alex Walker. These acts resulted in severe mental or sexual injury that caused or were likely to cause Alex Walker's mental or emotional health to be significantly impaired.

43. Tommy Smith's conduct caused severe emotional distress to Alex Walker. Tommy Shelton knew or had reason to know that his intentional and outrageous conduct would cause emotional distress and damage to Alex Walker, or Tommy Shelton acted with reckless disregard of the high probability of causing severe emotional distress to Alex Walker.

44. As a direct and proximate result of Tommy Smith's intentional or reckless conduct, Alex Walker has suffered and will continue to suffer severe mental anguish and pain, psychological and emotional injuries and loss of enjoyment of life.

WHEREFORE, Plaintiff Alex Walker demands judgment against Defendant Tommy Shelton for compensatory damages, costs, punitive damages, and such other and further relief as this Court deems just and proper.

## COUNT IV
### Travel with Intent to Engage in Illicit Sexual Conduct in Violation of 18 U.S.C. § 2423
### (Defendant Tommy Shelton)

45. Plaintiff Alex Walker repeats and realleges paragraphs 1 through 26 above.

46. Tommy Shelton traveled in interstate commerce between Kentucky and Illinois

for the purpose of engaging in illicit sexual conduct with Alex Walker, who was a minor.

47. Tommy Shelton's acts and conduct are in violation of 18 U.S.C. § 2423.

48. Although Tommy Shelton's acts of travel with intent to engage in illicit sexual conduct and sexual battery of Alex Walker occurred in 2001, Alex Walker was not immediately aware of his injuries. Specifically, Alex Walker did not become aware that he had suffered psychological and emotional injuries arising from the acts and conduct of Tommy Shelton until 2009. At that time Alex Walker began seeking psychological help for the first time relating to issues he had only recently connected to the Defendants' act and omissions.

49. Alex Walker did not (and due to various coping mechanisms, was unable to) make a causal connection between his injuries and the sexual acts and other misconduct of Tommy Shelton until 2009. Alex Walker did not know, and could not reasonably have been expected to know, that he had been injured and that Defendants had caused his injuries until calendar year 2009.

50. Plaintiff retained Herman, Mermelstein, and Horowitz, P.A. as his attorneys in this matter and agreed to pay the firm a reasonable attorney's fee.

WHEREFORE, Plaintiff Alex Walker demands judgment against Defendant Tommy Shelton for all damages available under 18 U.S.C. §2255(a), including without limitation, actual and compensatory damages, costs of suit, and attorneys' fees, and such other relief as this Court deems just and proper

### Demand for Jury Trial

Plaintiff demands a jury trial in this action.

Respectfully submitted,

/s/ James J. Gay
James J. Gay

#6296564
Law Office of James J. Gay
1 East Wacker Drive, Suite 2300
Chicago, IL 60601
Phone: (312) 372-1655
Fax: (312) 279-1111
jgay@jamesgaylaw.com

-and-

Jeffrey M. Herman
 jherman@hermanlaw.com
 (pending *pro hac vice* admission)
 Adam D. Horowitz
 ahorowitz@hermanlaw.com
 (pending *pro hac vice* admission)
 Jessica D. Arbour
 jarbour@hermanlaw.com
 (pending *pro hac vice* admission)
 HERMAN, MERMELSTEIN & HOROWITZ, P.A.
 18205 Biscayne Blvd., Suite 2218
 Miami, Florida  33160
 Tel:  305-931-2200
 Fax:  305-931-0877
 www.hermanlaw.com