UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CASE NO.: 1:11-CV-04177

| | |
|---|---|
| ALEX WALKER, ) | |
| ) | Judge Robert M. Dow |
| Plaintiff, ) | |
| v. ) | Magistrate Susan E. Cox |
| ) | |
| THREE ANGELS BROADCASTING ) | |
| NETWORK, INC., and TOMMY SHELTON ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT THREE ANGELS BROADCASTING
<u>NETWORK, INC.'S MOTION TO DISMISS</u>**

Plaintiff, Alex Walker, by and through undersigned counsel, hereby files this Memorandum of Law in Opposition to Defendant Three Angels Broadcasting Network, Inc.'s Motion to Dismiss, and states as follows:

## I.   <u>INTRODUCTION</u>

This case arises from the sexual abuse of Alex Walker (hereinafter "Plaintiff") as a child Tommy Shelton, a pastor and employee at an international television and radio corporation devoted to Christian-based programming, Three Angels Broadcasting Network, Inc. (hereinafter "3ABN"). The Complaint alleges that Shelton sexually abused the young Plaintiff in Virginia and Illinois more than a decade after 3ABN officials, including Tommy Shelton's brother and 3ABN President, Danny Shelton, first learned that Tommy Shelton was accused of sexually abusing other children. The Complaint alleges that 3ABN protected Tommy Shelton rather than protecting children, and even made Tommy Shelton a regular fixture on its children's

1

programming. Plaintiff's Complaint alleges that Tommy Shelton traveled in interstate commerce for an illicit sexual purpose, in violation of 18 U.S.C. § 2423.[1] Plaintiff also brought a state law claim for negligence against 3ABN, as well as state law claims for sexual assault and battery, and intentional infliction of emotional distress against Tommy Shelton.

Defendant 3ABN moves to dismiss Plaintiff's Complaint in its entirety asserting a lack of subject matter jurisdiction (Rule 12(b)(1)), as well as a failure to state a claim (Rule 12(b)(6)) and improper venue (28 U.S.C. § 1391). The Rule 12(b)(1) Motion is an attack on the merits of Plaintiff's federal claim, as evidenced by declarations offered to refute specific facts alleged in the Complaint. This attack on the merits purportedly supported by declarations is an improper attempt to convert the motion into one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, as it attempts to place facts before the Court that are not contained within the four corners of the Complaint. Based upon applicable law, Plaintiff's Complaint sufficiently establishes that this Court has subject matter jurisdiction over a timely-filed federal claim, has supplemental jurisdiction over the pendant state claims, and has proper venue in the Northern District of Illinois.

## II. STATEMENT OF FACTS

Plaintiff's Complaint alleges that he was sexually abused by Pastor Tommy Shelton during two distinct time periods: in 1997, while Shelton was working for 3ABN and as a church pastor in Virginia, when the Plaintiff was 11 years old (¶¶ 12-13); and again in 2001, while Shelton and Plaintiff were both working at 3ABN in Illinois (¶¶ 15, 17-18). As early as 1985,

---

[1] 3ABN erroneously labels Plaintiff's federal claim as a "Mann Act claim" in its Motion to Dismiss and Brief Supporting the Motion to Dismiss. The Mann Act is codified at § 2421, 18 U.S.C., and is a predecessor of § 2423. § 2423(b) was created in 1994 to provide greater protection of minors than those afforded by the Mann Act. See United States v. Vang, 128 F.3d 1065 (7th Cir. 1997).

2

and again in 1991, 3ABN, and more specifically, Tommy Shelton's brother, who was the president of 3ABN, became aware of allegations that Tommy was sexually abusing children. (Complaint, ¶¶ 9-10). As a result of even more allegations of sexual misconduct at 3ABN, Tommy Shelton was sent to live and work in Virginia, where he ultimately met the young Plaintiff. (Complaint, ¶¶ 11-12). When allegations arose in Virginia that Tommy was sexually abusing children, he fled to Kentucky and continued to work at 3ABN in Illinois. (Complaint, ¶ 14). At that time, 3ABN assigned Tommy Shelton to its production department in Illinois, where he participated in the production of 3ABN's religious programs for children. (Complaint, ¶ 15). Despite all of its knowledge that Tommy Shelton was a danger to children, it continued to give him unlimited access to children, and when Plaintiff began working at 3ABN in 2001, Tommy Shelton resumed his sexual abuse of Plaintiff. (Complaint, ¶¶ 16-17). The sexual abuse in Illinois included mutual fondling, masturbation, and simulated sexual intercourse in which Shelton grinded his naked body against Plaintiff until Shelton ejaculated. (Complaint, ¶ 19). At all relevant times, 3ABN and Danny Shelton, Tommy's brother, engaged in a campaign to discredit those who have accused Tommy Shelton of abuse, threating accusers with lawsuits, and used television and radio to convey misinformation about Tommy Shelton and 3ABN's knowledge of his dangerous propensities. (Complaint, ¶¶ 22-23).

### III. ARGUMENT

#### A. 3ABN FAILED TO MEET ITS HEAVY BURDEN ON A RULE 12 (b)(6) MOTION TO DISMISS

Defendant 3ABN has improperly asked this Court to go beyond the four corners of the Complaint by submitting declarations in an effort to refute facts alleged in the Complaint and to show that "subject matter jurisdiction is *in fact* absent" from Plaintiff's Complaint (Brief

Supporting Defendant's Motion to Dismiss, p. 1) (no emphasis added).[2] In doing so, 3ABN attempts to disguise a motion for summary judgment as a Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction. While 3ABN would prefer to argue the merits of Plaintiff's claims, rather than the test the sufficiency of the allegations, that is not appropriate at this time. See Peckmann v. Thompson, 966 F.2d 295, 297 (7th Cir. 1992) ("If a defendant's Rule 12(b)(1) motion is an indirect attack on the merits of the plaintiff's claims, the court may treat the motion as if it were a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted").

Accordingly, this Court must accept all factual allegations in the Complaint and construe them in the light most favorable to the Plaintiff. Mescall v. Burress, 603 F.2d 1266, 1268 (7th Cir. 1979); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 571 (2007). To satisfy the pleading requirement of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8). The complaint must state a claim for relief that is facially plausible. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("A complaint has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (internal cites omitted). So long as a complaint complies with Rule 8, "the discovery process bears the burden of filling in the details." Valle v. City of Chicago, 982 F.Supp. 560, 563 (N.D.Ill. 1997) (internal cites omitted). A complaint may not be dismissed unless it is impossible for the

---

[2] Plaintiff has filed a Motion to Exclude Defendant 3ABN's Declarations contemporaneous with this Memorandum of Law In Opposition to the Motion to Dismiss on the grounds that they offer facts outside the four corners of the Complaint that the Court should not consider when deciding the Motion to Dismiss. See Gardunio v. Town of Cicero, 674 F.Supp.2d 976 (N.D.Ill. 2009).

plaintiff to prevail under any set of facts that could be proved consistent with the allegations. Id. (citing Albiero v. City of Kankakee, 122 F.3d 417 (7th Cir. 1997)).

Plaintiff's Complaint rises far above the level of mere plausibility. It contains allegations of specific types of sexual contact perpetrated by Tommy Shelton upon the minor Plaintiff in specific locations during specific time periods. (Complaint, ¶¶ 12-13, 17-19). It contains specific knowledge that 3ABN had about Tommy Shelton's propensity to commit sexual misconduct as early as 1985. (Complaint, ¶¶ 9, 11, 14). It contains allegations of specific acts and omissions by each of the defendants that give rise to legal liability for specific damages sustained by the Plaintiff. (Complaint, ¶¶ 11-13, 15-19, 22-26). Plaintiff need not prove his entire case in the Complaint; it is not a substitute for discovery. It is clear that Plaintiff sufficiently alleges facts that, when taken as true, allow the Court to draw a reasonable inference that 3ABN is liable for the actions alleged, and require this Court to deny 3ABN's Motion to Dismiss in its entirety.[3]

### B. PLAINTIFF'S COMPLAINT SUFFICIENTLY ALLEGES THE NECESSARY ELEMENTS OF A FEDERAL CLAIM AND THE MOTION TO DISMISS MUST BE DENIED

**1. Plaintiff's Complaint alleges the exact nature of the criminal sexual conduct perpetrated by Tommy Shelton in violation of 18 U.S.C. § 2423**

A person who travels in interstate commerce for the purpose of engaging in illicit sexual conduct with another person is subject to imprisonment or monetary damages. 18 U.S.C. § 2423(b).[4] "Illicit sexual conduct" includes "the intentional touching, not through clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse,

---

[3] If this Court were to find that Plaintiff has not alleged sufficient facts to establish plausibility of his cause of action, or the required elements of his causes of action, Plaintiff requests leave to amend his Complaint under Rule 15(a)(2) to add such facts.
[4] 18 U.S.C. § 2255(a) provides the civil court remedy for the victim of a § 2423 violation.

humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(D).

Plaintiff's Complaint alleges that Tommy Shelton sexually abused Plaintiff in violation of § 2423 and that the "sexual abuse included mutual fondling, masturbation, and Tommy Shelton grinding his naked body against [Plaintiff] until he ejaculated." (Complaint, ¶ 19). Defendant attempts to split hairs, suggesting that this is insufficient to establish the type of sexual misconduct enumerated in § 2246(2)(D) because the allegation may not refer to conduct of a sexual nature or with Plaintiff's sexual organs at all. (Brief, p. 8). However, the Complaint clearly states that Shelton engaged in <u>sexual</u> abuse, from which a reasonable inference may be made that the fondling, masturbation, and naked grinding was sexual in nature, not just a "loving caress" of a non-sexual area of the body. 3ABN also suggests that it cannot determine from the allegations if there was any contact with Plaintiff's genitals skin-on-skin. Drawing all reasonable inferences in Plaintiff's favor, it is apparent from the allegations in the Complaint that Tommy Shelton had skin-on-skin contact with Plaintiff's naked genitals while fondling and masturbating him. Therefore, Plaintiff has sufficiently alleged a violation of § 2423 by engaging in "illicit sexual conduct" as defined in § 2246(2)(D), and Defendant's Motion to Dismiss must be denied.

**2.   The Complaint sufficiently alleges that a dominant purpose of Shelton's interstate travel was to engage in criminal sexual activity with Plaintiff in violation of 18 U.S.C. § 2423**

Illegal sexual activity need not be the *sole* purpose for the defendant traveling from one state to another; it need only be "a dominant purpose" to give rise to an action under § 2423. <u>United States v. Vang</u>, 128 F.3d 1065, 1072 (7th Cir. 1997). A person may have more than one

dominant purpose for traveling across state lines. United States v. Vang, 128 F.3d at 1068.[5] "If a trip has dual purposes, one licit but intended to bolster an illicit sexual purpose, the sexual purpose is 'the' purpose, in a reasonable sense of the word." United States v. McGuire, 627 F.3d 622, 626 (7th Cir. 2010).

McGuire is dispositive of this issue. There, the Court held that a Catholic priest who traveled the country to lead religious retreats, often with underage boys who worked as his "assistants," violated § 2423 despite the fact that the primary purpose of his travel was to conduct retreats, not to engage in illegal sexual activity. Id. at 623. The Court found that because McGuire exercised broad latitude over his travel schedule, which he used to create opportunities to abuse boys, one of his purposes of interstate travel was illegal sexual activity, even though he clearly engaged in legitimate business activities. Id. at 626. Plaintiff's Complaint alleges that Tommy Shelton, much like McGuire, commuted between Kentucky and Illinois for two purposes: to work at 3ABN and to sexually abuse the minor Plaintiff while at work at 3ABN. (Complaint, ¶¶ 4, 17, 46, 49). Defendant's Motion attempts to cast Shelton's abuse of the Plaintiff as a "welcome byproduct" of Shelton's interstate travel, ironically by relying upon McGuire. Yet McGuire is clear that Shelton's one illicit motive, even if not the primary motive, is sufficient to give rise to § 2423 liability. Therefore, Plaintiff's Complaint contains the requisite allegations that Tommy Shelton crossed state lines for the purposes of illegal sex with Plaintiff, and Defendant's Motion to Dismiss must be denied.

---

[5] The Vang Court cited favorably to a well-established body of case law regarding the same "for the purpose of" language in the Mann Act, including United States v. Snow, 507 F.2d 22, 23 (7th Cir. 1974), in which the Court affirmed a conviction under the Mann Act even though there was a legitimate reason for the defendant's travel across state lines. The Snow Court aligned the Seventh Circuit "with the unanimous consensus of courts" that considered the "for the purpose of" language, including the First, Fourth, Fifth, Sixth, Eighth, Ninth and Tenth Circuits. 128 F.3d at 1071-72.

### C. THE COMPLAINT ESTABLISHES THAT PLAINTIFF'S FEDERAL CLAIM IS TIMELY AND THE MOTION TO DISMISS MUST BE DENIED

3ABN incorrectly asserts that the Court does not have subject matter jurisdiction over this action because the statute of limitations has expired on the federal claim and must be dismissed as a matter of law. The statute of limitations is an affirmative defense and a plaintiff is not required to negate an affirmative defense in the complaint. Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993). "A Rule 12(b)(6) dismissal based on an untimely complaint is appropriate only where the affirmative defense is so glaring from the face of the complaint that the suit can be regarded as frivolous." Swiss Reinsurance America Corp. v. Access General Agency, Inc., 571 F.Supp.2d 882, 884 (N.D.Ill. 2008) (citing Walker v. Thompson, 288 F.3d 1005 (7th Cir. 2002) (emphasis supplied).

A civil claim for violation of § 2423 is timely if brought "within six years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability." 18 U.S.C. § 2255(b). The pertinent issue, then, for purposes of the statute of limitations analysis is when the cause of action accrued. 3ABN asserts that Plaintiff's § 2423 claim is time-barred based upon its erroneous assumption that Plaintiff's claim must have accrued either at the time of the last act of abuse in 2001 or in 2007, three years after Plaintiff's claim was no longer tolled by his minority. (Brief, p. 11).

A claim arising from childhood sexual abuse does not automatically accrue when the last act of abuse occurred. Rather, the "discovery rule" applies to the accrual of federal causes of action. See Stoleson v. United States, 629 F.2d 1265, 1270-71 (7th Cir. 1980) (holding that federal tort **claim did not accrue until plaintiff had knowledge of casual connection between breach of duty and injury**); see also White v. Mercury Marine, 129 F.3d 1428, 1435 (11th Cir. 1997) (noting that use of the word "accrue" indicated approval of discovery rule in accordance

8

with federal precedents adopting discovery rule); Lavellee v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980) (citing United States v. Kubrick, 444 U.S. 111, 100 S.Ct. 352 (1979) (rejecting standard "which would allow the statute of limitations to commence running before the plaintiff was or should have been aware of the causal connection between his injury and the acts of the defendants")).

In cases of child sexual abuse where a minor is enticed or coerced into sexual activity by an adult and does not suffer a visible physical injury, the victim is unlikely in the exercise of reasonable diligence to be (1) immediately aware of his injuries given the subtle and pernicious effects of sexual abuse; or (2) able to connect those injuries to the conduct of the defendant. See Doe v. Paukstat, 863 F.Supp. 884, 890-91 (E.D.Wis. 1994) (noting that application of the discovery rule in cases of childhood sexual abuse is "amorphous" and holding that when such a cause of action accrues is a question for trier of fact); cf. R.L. v. Voytac, 971 A.2d 1074 (N.J. 2009) (holding that all relevant factors and circumstances, including expert testimony, should be considered by a trier of fact in order to determine when victim of child sexual abuse made, or reasonably should have made, the causal connection between the defendant's conduct and the victim's injuries).

Plaintiff's Complaint specifically alleges that he "did not become aware that he had suffered psychological and emotional injuries arising from the acts and conduct of Tommy Shelton until 2009," at which time he began counseling for the injuries sustained as a result of Defendants' conduct. (Complaint, ¶ 48). It is further alleged that Plaintiff "did not (and due to various coping mechanisms, was unable to) make a causal connection between his injuries and the sexual acts and other misconduct of Tommy Shelton until 2009. [Plaintiff] did not know, and could not reasonably have been expected to know, that he had been injured and that Defendants

had caused his injuries until calendar year 2009." (Complaint, ¶ 49).

Based upon the four corners of the Complaint, Plaintiff's federal claim is not time-barred. At the very least, Plaintiff's Complaint contains sufficient facts that, when taken as true, create a factual question as to when Plaintiff made, or reasonably should have made, the causal connection between his injuries and his sexual abuse. As a result, the Motion to Dismiss must be denied because it cannot be said as a matter of law that Plaintiff's claim is time-barred.

### D. 3ABN FAILED TO SHOW THAT THE NORTHERN DISTRICT OF ILLINOIS IS AN IMPROPER VENUE, AND THE RULE 12(b)(3) MOTION TO DISMISS SHOULD BE DENIED, OR, ALTERNATIVELY, DEFERRED TO ALLOW PLAINTIFF TO CONDUCT JURISDICTIONAL DISCOVERY

A civil action, not founded solely on diversity of citizenship, may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). A corporate defendant, such as 3ABN, resides in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). In a State which has more than one judicial district and in which a defendant is subject to personal jurisdiction at the time the action is commenced, the corporation shall be deemed to reside in *any* district in that State if its contacts are sufficient to subject it to personal jurisdiction as if that district were a separate State. Id.

A forum may exercise personal jurisdiction over a nonresident defendant who "purposefully directs" his activities toward forum residents. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985). Where defendants "purposefully derive benefit" from interstate activities, it may well be unfair to allow them to escape having to account for consequences that

10

arise from such activities. Id. at 474 (stating, "modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity") (internal cites omitted). A forum may exercise personal jurisdiction where a defendant deliberately engages in significant activity and creates a substantial connection to the forum. Id. at 476.

It is not disputed that Defendant 3ABN resides in the State of Illinois for jurisdictional purposes. Plaintiff's Complaint alleges that Defendant Tommy Shelton now resides in Virginia, where he is awaiting prosecution for his sexual abuse of the Plaintiff. (Complaint, ¶ 4). The parties do not all reside in the same state, as required by the first clause of § 1391(b). Plaintiff's Complaint alleges that he was sexually abused by Tommy Shelton in Illinois and Virginia. (Complaint, ¶¶ 12-13, 18). The Complaint alleges that Shelton was residing in Virginia and Kentucky at the time of the abuse, while working for, 3ABN, an Illinois corporation. (Complaint, ¶¶ 11, 14-15). There is no single judicial district in which "a substantial part" of the acts and omissions giving rise to Plaintiff's sexual abuse by Tommy Shelton may be isolated, as required by the second prong of § 1391(b); it could be Virginia, Illinois, or Kentucky.

Therefore, under the third clause of § 1391(b), the case may be brought in any judicial district in which any defendant may be found. 3ABN makes only a single, unsupported statement that it does not target its programming to residents of the Northern District of Illinois in support of its § 1391 argument, though it admits that the programming is readily available to residents of the Northern District. (Decl. of James W. Gilley, ¶ 5). The Complaint alleges that 3ABN is subject to personal jurisdiction in the Northern District of Illinois because it broadcasts its television and radio programs in the Northern District of Illinois, including programs that intentionally convey misinformation about Tommy Shelton and 3ABN's knowledge of his

11

sexual abuse of children. (Complaint, ¶ 23). It also films programs in the Northern District of Illinois, and more specifically, in Chicago. (Complaint, ¶ 3). Under the Burger King analysis, 3ABN deliberately and purposely avails itself of the benefits of doing business in the Northern District of Illinois, subjecting it to personal jurisdiction in this Court. Accordingly, 3ABN is deemed to reside in the Northern District of Illinois and venue is proper under § 1391(b-c).[6]

Alternatively, Defendant 3ABN asks for a transfer of venue to the Southern District of Illinois for its own convenience, as well as the convenience of witnesses (Motion, p.13). A plaintiff's choice of forum is generally given substantial weight. Vandeveld v. Christoph, 877 F.Supp. 1160, 1167 (N.D.Ill. 1995). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Morton Grove Pharm., Inc. v. Nat'l Pediculosis Ass'n, Inc., 525 F.Supp.2d 1039 (N.D.Ill. 2007) (citing In re Nat'l Presto Indus., Inc. 347 F.3d 662 (7th Cir. 2003).

3ABN fails to meet its burden of showing that the Northern District is an inconvenient venue such that transfer is appropriate. See Howell v. Joffe, 478 F.Supp.2d 1014 (N.D.Ill. 2006) (internal cites omitted). First, the reasons cited by 3ABN in favor of transfer, namely cost to bring witnesses to trial and ease of access to sources of proof, do not so strongly favor the defendants such that Plaintiff's choice of forum should be disturbed. Second, as discussed above, venue is not necessarily proper in the Southern District because a "substantial amount" of the acts and omissions alleged in this case are not focused in the Southern District of Illinois.

Third, it would not necessarily be more convenient for witnesses if venue were in the Southern District, particularly since 3ABN has not made the requisite offer of proof in this

---

[6] At the very least, Plaintiff would ask for an opportunity to conduct discovery into 3ABN's business activities in the Northern District of Illinois before the Court would consider granting a Motion to Dismiss on the grounds of improper venue.

regard. A party seeking transfer must clearly specify key witnesses to be called and make a general statement as to the nature of their testimony. Howell v. Joffe, 478 F.Supp.2d at 1023. Vague generalizations about the nature of their testimony will not suffice. Moore v. AT&T Latin America Corp., 177 F.Supp.2d 785, 790 (N.D.Ill. 2001) (internal citations omitted). In support of its § 1404 motion to transfer, 3ABN offers a list of "likely witnesses" who reside in the Southern District, most of whom are believed to be employees or agents of 3ABN. (Decl. of Gilley, ¶ 4). Other than a single broad, vague statement about the entire group, 3ABN makes no offer of proof as to their testimony. (Decl. of Gilley, ¶ 3). It also fails to demonstrate how venue in the Southern District is any more convenient for the non-party witnesses Plaintiff expects will be identified in discovery who reside in Virginia, for example, or for Tommy Shelton, who resides outside of the Southern District as well. Undoubtedly, it would be easier for out-of-state witnesses to travel to Chicago, rather than to the far more remote Benton, Illinois.[7] Transfer is not appropriate merely to shift inconveniences between the parties. See Boyd v. Snyder, 44 F.Supp.2d 966 (N.D.Ill. 1999). Quite simply, 3ABN fails to show that this factor weighs strongly in favor of transfer.

Finally, as discussed above, the public interest factors cited by 3ABN weigh against transfer (see Brief, p. 14, see also Heller Financial, Inc. v. Riverdale Auto Parts, Inc., 713 F.Supp. 1125, 1129 (N.D.Ill. 1989)). This Court is familiar with all of the applicable federal and state laws governing the Plaintiff's claims, at least as much as the Southern District would be. Further, the Northern District has an interest in this resolving this case given that 3ABN regularly conducts business in the Northern District, using radio and television to reach countless

---

[7] It is also worth noting that Plaintiff and 3ABN are each represented primarily by out-of-state law firms, as well as firms located in the Chicago area. Tommy Shelton, a *pro se* defendant, resides out of state. Given travel needs, Chicago is certainly a more convenient location for all parties than the Southern District.

13

people with their messages, including messages about allegations that Tommy Shelton sexually abused children.

## IV. CONCLUSION

Plaintiff sufficiently alleged a timely federal claim in violation of 18 U.S.C. § 2423 such that this Court has jurisdiction of the entire case under 28 U.S.C. § 1331 and 28 U.S.C. § 1367 (a). Therefore, Defendant 3ABN's Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss must be denied in their entirety. Furthermore, Defendant 3ABN has failed to show that it is entitled to dismissal on the grounds of improper venue or, alternatively, that requisite factors strongly favor a transfer of venue. The Court should either deny the Rule 12(b)(3) Motion to Dismiss in its entirety at this time or defer ruling on 3ABN's Rule 12(b)(3) Motion to Dismiss (and alternative request to transfer venue under 28 U.S.C. § 1404) in order for the Plaintiff to conduct jurisdictional discovery into the activities and business of 3ABN in the Northern District of Illinois and establish proper venue in this Court.

Respectfully submitted,

      /s/ Jessica D. Arbour
Adam D. Horowitz
ahorowitz@hermanlaw.com
(Admitted *pro hac vice*)
Jessica D. Arbour
jarbour@hermanlaw.com
(Admitted *pro hac vice*)
HERMAN, MERMELSTEIN & HOROWITZ, P.A.
18205 Biscayne Blvd., Suite 2218
Miami, Florida 33160
Tel: 305-931-2200
Fax: 305-931-0877
www.hermanlaw.com

   -and-

James J. Gay
Illinois Bar No. #6296564

Law Office of James J. Gay
1 East Wacker Drive, Suite 2300
Chicago, IL 60601
Phone: (312) 372-1655
Fax: (312) 279-1111
jgay@jamesgaylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            /s/ Jessica D. Arbour

**SERVICE LIST**
**ALEX WALKER v. THREE ANGELS BROADCASTING**
**NETWORK, INC. and TOMMY SHELTON**
**United States District Court, Northern District of Illinois**

Patrick Theodore Garvey
garveyp@jbltd.com

M. Gregory Simpson
gsimpson@meagher.com

Tommy Shelton
4721 13th Street
Meridian, MS 39307

                                                                 /s/ Jessica D. Arbour