IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALEX WALKER,

Plaintiff,

v.

THREE ANGELS BROADCASTING
NETWORK, INC., and TOMMY
SHELTON

Defendants.                                      No. 12-cv-114-DRH-SCW

### ORDER

**HERNDON, Chief Judge:**

Now before the Court is defendant Three Angels Broadcasting Network, Inc.'s, motion to stay discovery (Doc. 55). Specifically, defendant requests a postponement of discovery until the Court issues a ruling on the pending motion to dismiss based on jurisdictional grounds.

Plaintiff's deposition is scheduled for May 30, 2012, in adherence with the scheduling order currently in place. Defendant seeks a stay of discovery, namely, plaintiff's deposition, "[g]iven the significant differences between State and Federal rules of civil procedure applicable to deposition." Defendant contends that, "[t]aking the purpose of the Federal Rules into consideration, proceeding with a deposition when it is not determined if the Court has jurisdiction to oversee this case, would be a costly endeavor to all parties and would not satisfy the purposes of the Federal Rules." Thus, defendant states, "it would be in the best interest of all parties to stay discovery" pending the Court's ruling on its motion to dismiss. Based on the following, the Court **DENIES** the motion (Doc. 55).

A movant does not have an absolute right to a stay. Instead, the movant bears the burden of proof to show that the Court should exercise its discretion in staying the case. *Indiana State Police Pension Trust v. Chrysler, LLC*, 556 U.S. 960, 961 (2009). District courts have extremely broad discretion in controlling discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). The Court has discretion under FEDERAL RULE OF CIVIL PROCEDURE 26 to limit the scope of discovery or to order that discovery be conducted in a particular sequence. *Britton, supra.* Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted, although the mere filing of the motion does not automatically stay discovery. *Sk Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988).

Here, the Court finds that defendant has not met its burden regarding a stay of discovery, as the circumstances of the case do not warrant a stay. Defendant cites general differences between state and federal rules of civil procedure as warranting a stay of discovery due to the pending motion to dismiss. Although the Court appreciates defendant's desire to minimize costs, the mere fact a motion to dismiss is pending does not justify a stay of the instant proceedings. Defendant's motion is **DENIED** (Doc. 55).

**IT IS SO ORDERED.**

Signed this 17th day of May, 2012.

Digitally signed by
David R. Herndon
Date: 2012.05.17
11:19:37 -05'00'

**Chief Judge**
**United States District Court**