IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ALEX WALKER,**

**Plaintiff,**

**v.**

**THREE ANGELS BROADCASTING NETWORK, INC., and TOMMY SHELTON,**[1]

**Defendants.**                                    No. 12-cv-114-DRH-SCW

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Now before the Court is defendant Three Angels Broadcasting Network, Inc.'s (3ABN) motion to dismiss for lack of subject matter jurisdiction (Doc. 30). Specifically, in reliance on FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6), 3ABN argues plaintiff's Count IV requires dismissal, as plaintiff does not accuse defendant Tommy Shelton (Shelton) of performing any act within the scope of 18 U.S.C. § 2423. Alternatively, 3ABN alleges Count IV is time barred, pursuant to 18 U.S.C. § 2255(b). Thus, as Count IV is plaintiff's sole claim with an independent basis for federal subject matter jurisdiction, 3ABN argues this entire cause of action requires dismissal. For the reasons stated below, the Court

---

[1] Shelton is currently in prison in Virginia. Although Shelton has not provided the Court with his current address, the Court's independent search of the Virginia Department of Corrections' website reveals that Shelton currently resides at the Fairfax County Adult Detention Center. Thus, the Clerk is instructed to change the docket sheet to reflect Shelton's current address as the following:
        Tommy Shelton
        1431823
        Fairfax County Adult Detention Center
        10520 Judicial Drive
        Fairfax, Virginia 22030

cannot reach the merits of 3ABN's motion; thus, it is **DENIED**. Thus, plaintiff's motion to exclude 3ABN's declarations and incorporated memorandum of law is rendered **MOOT** (Doc. 44).

## I.   INTRODUCTION

Plaintiff filed the instant complaint in the United States District Court for the Northern District of Illinois on June 20, 2011 (Doc. 1). Plaintiff bases jurisdiction on 28 U.S.C. §§ 1331 and 1367, as well as 18 U.S.C. § 2255, which states that certain victims of sexual abuse may file personal injury suits "in any appropriate United States District Court." *See* U.S.C. § 2255(a). The allegations of the complaint state that Shelton began sexually abusing plaintiff in 1997, while working for 3ABN in Virginia. In 2001, Shelton moved to Kentucky and commuted to Illinois to work at 3ABN, where he allegedly resumed his abuse of plaintiff, who was a minor at that time. Thus, plaintiff's instant complaint alleges four separate claims for relief. Pertaining to 3ABN, plaintiff alleges Count I, a negligence claim. The three remaining Counts are brought solely against Shelton; Count II, a claim for sexual assault and battery; Count III, alleging intentional infliction of emotional distress; and Count IV, a claim for civil remedies under 18 U.S.C. § 2255, based on Shelton's alleged violation of 18 U.S.C. § 2423.

## II.   LAW AND APPLICATION

The allegations of Count IV form the crux of the instant dispute. 18 U.S.C. § 2255 provides:

> (a) In general.--Any person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury

> occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.
>
> (b) Statute of limitations.--Any action commenced under this section shall be barred unless the complaint is filed within six years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability.

As the predicate offense upon which plaintiff bases his claim for civil remedies, he cites Shelton's alleged violation of 18 U.S.C. § 2423. Section 2423(b) states, "[a] person who travels in interstate commerce or travels into the United States . . . for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both."

As explained above, the subject matter jurisdiction of this cause of action is based on 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1367(a), supplemental jurisdiction, as plaintiff brings a cause of action pursuant to 18 U.S.C. § 2255. Thus, plaintiff's Count IV arises under the "Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

Instantly, 3ABN argues its motion is properly characterized as one brought pursuant to Rules 12(b)(1) and 12(b)(6). 3ABN argues that plaintiff's Count IV does not properly allege Shelton engaged in "illicit sexual conduct" or "sexual acts" as defined under Sections 2423(f) and 2246(2). Further, 3ABN alleges plaintiff does not properly allege Shelton crossed state lines, "for the purpose of engaging in any illicit sexual conduct." Alternatively, 3ABN argues Section 2255(b) renders plaintiff's Count IV time-barred, as the statute of limitations for filing Count IV has expired. Thus, as plaintiff's Count IV does not properly allege the

necessary elements of a violation of Section 2423, and is time-barred pursuant to Section 2255(b), 3ABN argues this entire cause of action requires dismissal for lack of subject matter jurisdiction.

Preliminarily, the Court must note that while 3ABN attempts to characterize its instant motion as one brought pursuant to Rule 12(b)(1), it is in fact a Rule 12(b)(6) motion. It is well-settled that a claim alleging a cause of action arising under the Constitution, laws, or treaties of the United States is, "enough to support subject matter jurisdiction unless the claim is so plainly insubstantial that it does not engage the court's power." *Jogi v. Voges,* 480 F.3d 822, 825 (7th Cir. 2007); *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89 (1998) (cautioning against "drive-by jurisdictional rulings," as "[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover,"  as the district court has jurisdiction if "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another") (ellipses in original) (quoting *Bell v. Hood,* 327 U.S. 678 (1946)).

Thus, as the Seventh Circuit has explained,

> [W]here a challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action . . . jurisdiction cannot be defeated by the possibility that plaintiff may not have stated a cause of action. Instead, the case should be dismissed for lack of jurisdiction only if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."

*Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 289 (7th Cir. 1986) (citation omitted) (quoting *Bell,* 327 U.S. at 682–683). Additionally, "if plaintiff meets this

*Bell* test, the district court should take jurisdiction and handle defendants' motion as a direct attack on the merits of plaintiff's case." *Id.* at 280; *see Miller v. Herman,* 600 F.3d 726, 732 (7th Cir. 2010).

Instantly, Section 1331 supplies subject matter jurisdiction, as a claim for remedies under 18 U.S.C. § 2255, presents a federal question. 3ABN's motion attacks the merits of plaintiff's Count IV, as it argues plaintiff has not sufficiently alleged that Shelton violated 18 U.S.C. § 2423 and did not timely file his claim. However, as plaintiff's claim is not "wholly insubstantial and frivolous," the Court does in fact have jurisdiction to hear plaintiff's claim. *See Bell,* 327 U.S. at 682–683; *see also Leavell v. Kieffer,* 189 F.3d 492, 494 (7th Cir. 1999) ("The statute of limitations is an affirmative defense . . . Neither does it affect the district court's jurisdiction."). Whether the Court should exercise supplemental jurisdiction over plaintiff's state law claims is not an issue properly before the Court. Thus, the Court construes 3ABN's motion as one brought pursuant to Rule 12(b)(6).

Although the Court construes the instant motion as one brought pursuant to Rule 12(b)(6), the Court cannot reach the merits of 3ABN's arguments. Although plaintiff does not raise the issue, it is clear from the complaint that 3ABN is solely a named defendant as to Count I, plaintiff's state law negligence claim. 3ABN is not a named defendant as to Counts II through IV. As 3ABN states, Count IV is directed, "only at defendant Tommy Shelton" (Doc. 30-1, p. 1). Accordingly, 3ABN does not have standing to challenge the legal sufficiency of Count IV's allegations or its timeliness. *See Ashcroft v. Dep't of Corrections,* 2007 WL 1989265, \*8 (W.D.N.Y. 2007) ("Thus, DOCS (and other moving defendants) lack standing to move to dismiss claims against the non-appearing defendants Madison, Zon, and

Ashby and their motions as to these claims is denied."); *Dover Ltd. v. A.B. Watley, Inc.,* 2006 WL 2987054, *8 (S.D.N.Y. 2006) (defendant named solely in Count I does not have standing to dismiss six additional counts for failure to state a claim); *Norfolk Fed'n of Bus. Dist. v. Dep't of Hous. & Urban Dev.,* 932 F. Supp. 730, 741-42 (E.D. Va. 1996); *Standard Chlorine of Delaware, Inc. v. Sinibaldi,* 1994 WL 796603, *7 n. 5 (D. Del. 1994) ("Mantas Inc. is not named as a defendant in Count VI and accordingly has no standing to move for its dismissal or for summary judgment on the count.").[2]

### III.  CONCLUSION

For the above-stated reasons, the Court cannot reach the merits of 3ABN's arguments. Accordingly, 3ABN's motion to dismiss for lack of subject matter jurisdiction is **DENIED** (Doc. 30). Thus, plaintiff's motion to exclude 3ABN's declarations and incorporated memorandum of law is rendered **MOOT** (Doc. 44).

**IT IS SO ORDERED.**

Signed this 17th day of September, 2012.

Digitally signed by David R. Herndon
Date: 2012.09.17 14:31:30 -05'00'

**Chief Judge**
**United States District Court**

---

[2] Although clearly not binding on this Court, the Court adopts the reasoning of these cases as persuasive.