# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALEX WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:12-cv-00114-DRH-SCW |
| v. | ) | |
| | ) | Judge David R. Herndon |
| THREE ANGELS BROADCASTING NETWORK, INC., and TOMMY SHELTON, | ) ) ) | Mag. Judge Stephen C. Williams |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT THREE ANGELS BROADCASTING NETWORK, INC.

As for its Answer to Plaintiff's Complaint in the above-entitled matter, Defendant Three Angels Broadcasting Network, Inc. ("Defendant" or "3ABN") denies each and every allegation in the Complaint except to the extent hereinafter expressly admitted. As to each numbered paragraph in the Complaint, 3ABN states and alleges as follows:

1.  As to paragraph 1 of the Complaint, 3ABN admits that this case arises from *alleged* childhood sexual abuse of Plaintiff Alex Walker by Tommy Shelton, but denies that the alleged sexual abuse occurred in fact. 3ABN admits that at various times it employed Tommy Shelton and that Tommy Shelton was at various times ordained as a pastor by a Church of God entity.

### Parties, Jurisdiction, and Venue

2.  3ABN admits paragraph 2 of the Complaint, but denies that the alleged abuse occurred.

3. 3ABN admits the first two sentences of paragraph 3 of the Complaint, denies the third sentence (alleging activity in the Northern District of Illinois), and qualifies the final sentence of paragraph 3 by affirmatively stating that Danny Lee Shelton was President of 3ABN during the period June 1, 1985 to September 6, 2007.

4. With respect to paragraph 4 of the Complaint, 3ABN admits that Tommy Shelton was an adult at all relevant times; that he was an employee of 3ABN at specific times; that he moved to Kentucky in 2001 and commuted to work at 3ABN in Illinois; and that at the time the Complaint was filed he was residing in Virginia where criminal charges for child sex abuse were pending against him. 3ABN denies all other allegations in paragraph 4, and specifically the allegations that Tommy Shelton was an employee/agent of 3ABN at the times of the alleged abuse of Plaintiff and that he abused Plaintiff at 3ABN in Illinois.

5. 3ABN admits paragraph 5 of the Complaint to the extent that it concedes Plaintiff's desire to win more than $5 million.

6. As to paragraph 6 of the Complaint, 3ABN admits that Plaintiff alleges a single claim under the laws of the United States, but denies that the Court has subject matter jurisdiction.

7. 3ABN denies paragraph 7 of the Complaint.

8. 3ABN denies paragraph 8 of the Complaint as worded when filed on June 20, 2011. 3ABN alleges that after the Complaint was filed, the lawsuit was transferred from the Northern District of Illinois to the Southern District of Illinois. 3ABN admits

that venue in the Southern District of Illinois is proper and that it is subject to personal jurisdiction in this district.

## Factual Allegations

9. As to paragraph 9 of the Complaint, 3ABN admits that Tommy Shelton served as Pastor at the Ezra Church of God in West Frankfort, Illinois in the 1980s; admits that at least one allegation of improper conduct with a minor was made against him there; affirmatively alleges that Danny Shelton understood the allegation was investigated by church authorities and police and determined to be unfounded; and denies knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 9.

10. As to paragraph 10 of the Complaint, 3ABN admits it hired Tommy Shelton in 1992 after he ceased serving as pastor for the Ezra Church of God; admits that Tommy Shelton and Danny Lee Shelton are brothers and that Danny Shelton was President of 3ABN from June 1, 1985 to September 6, 2007; and denies that Danny Lee Shelton was aware of the allegations of inappropriate conduct against Tommy Shelton at the time of his hiring by 3ABN except the one described in paragraph 9 above, which he understood had been investigated by church and civil authorities and determined to be unfounded.

11. 3ABN denies paragraph 11 of the Complaint, except that it is true Tommy Shelton quit his employment with 3ABN and moved to Virginia in approximately 1995 to take a position with the Community Church of God in Dunn Loring, Virginia. The

Community Church of God is not affiliated with 3ABN, and 3ABN had no involvement in its decision to hire Tommy Shelton.

12. 3ABN denies paragraph 12 of the Complaint.

13. 3ABN denies paragraph 13 of the Complaint.

14. 3ABN denies paragraph 14 of the Complaint, except it is true that Tommy Shelton resigned his employment with Community Church of God in 2000.

15. 3ABN denies the allegations in paragraph 15 of the Complaint, except it admits that Tommy Shelton worked in various capacities for 3ABN starting on January 11, 2001.

16. 3ABN denies paragraph 16 of the Complaint.

17. 3ABN denies paragraph 17 of the Complaint, except it is true that in 2001 Alex Walker began working at 3ABN, and he was then 15 years old.

18. 3ABN denies paragraph 18 of the Complaint.

19. 3ABN denies paragraph 19 of the Complaint.

20. 3ABN denies paragraph 20 of the Complaint.

21. 3ABN denies paragraph 21 of the Complaint, except to the extent of 3ABN's admissions in paragraphs 9-10 and 24-25 of its Answer regarding Danny Lee Shelton's and 3ABN's awareness of allegations against Tommy Shelton.

22. 3ABN denies paragraph 22 of the Complaint.

23. 3ABN denies paragraph 23 of the Complaint, except that it admits it broadcast a show upon Tommy Shelton's retirement in January 2007 that thanked him for his service.

24. 3ABN denies paragraph 24 of the Complaint for the period prior to May, 2003, and admits that thereafter 3ABN knew of some allegations of sex abuse against Tommy Shelton including those alleged in the letter from Glenn Dryden dated May 14, 2003. See also paragraph 9 above.

25. With regard to paragraph 25 of the Complaint, 3ABN admits knowledge of allegations of sexual abuse against Tommy Shelton to the extent described in paragraphs 9 and 24 above, and receipt of the demand letter preceding this lawsuit identifying Plaintiff and another complainant, and denies the remainder of paragraph 25.

26. 3ABN denies paragraph 26 of the Complaint.

**COUNT I**
**NEGLIGENCE**
**Against Defendant Three Angels Broadcasting Network, Inc.**

27. 3ABN repeats and realleges its responses to paragraphs 1-26 above.

28. As to paragraph 28 of the Complaint, 3ABN admits generally that it owed Plaintiff the duty of care defined by Illinois law for employers of minor employees during the time Plaintiff worked for 3ABN in 2001. 3ABN affirmatively alleges that it fulfilled that duty. 3ABN denies paragraph 28 to the extent it seeks to impose a duty greater on 3ABN than is imposed by applicable law, and denies that it had custody of Plaintiff or a special relationship with him beyond that of an employer.

29. As to paragraph 29 of the Complaint, 3ABN admits generally that it owed Plaintiff the duty of care defined by Illinois law for employers regarding the hiring, retention, assignment and/or supervision of employees and agents, and denies the

5

allegations in paragraph 29 to the extent they seek to impose a greater duty than is imposed by applicable law.

30. 3ABN denies paragraph 30 of the Complaint, except to the extent admitted in paragraphs 9 and 24.

31. 3ABN denies paragraph 31 of the Complaint.

32. 3ABN denies paragraph 32 of the Complaint; denies the unnumbered paragraph immediately following paragraph 32 which seeks judgment for damages and other relief; and denies liability to Plaintiff and demands judgment be entered in its favor and against Plaintiff and for any and all other relief this Court deems appropriate.

## COUNT II
## SEXUAL ASSAULT AND BATTERY
### Against Defendant Tommy Shelton

33. 3ABN repeats and realleges its responses to paragraphs 1 through 26 above.

34. 3ABN denies paragraph 34 of the Complaint.

35. 3ABN denies paragraph 35 of the Complaint.

36. 3ABN denies paragraph 36 of the Complaint.

37. 3ABN denies paragraph 37 of the Complaint.

38. 3ABN denies paragraph 38 of the Complaint.  3ABN denies the unnumbered paragraph of the Complaint immediately following paragraph 38.

## COUNT III
### Intentional Infliction of Emotional Distress
### Against Tommy Shelton

39. 3ABN repeats and realleges its responses to paragraphs 1-26 above.

40. 3ABN denies paragraph 40 of the Complaint.

41. 3ABN denies paragraph 41 of the Complaint.

42. 3ABN denies paragraph 42 of the Complaint.

43. 3ABN denies paragraph 43 of the Complaint. (3ABN assumes that the paragraph's reference to "Tommy Smith" should be read as "Tommy Shelton.")

44. 3ABN denies paragraph 44 of the Complaint. (3ABN assumes that the paragraph's reference to "Tommy Smith" should be read as "Tommy Shelton.") 3ABN denies the unnumbered paragraph of the Complaint immediately following paragraph 44.

## COUNT IV
### Travel with Intent to Engage in Illicit Sexual Conduct in Violation of 18 U.S.C. § 2423
### (Defendant Tommy Shelton)

45. 3ABN repeats and realleges its responses to paragraphs 1-26 above.

46. 3ABN denies paragraph 46 of the Complaint.

47. 3ABN denies paragraph 47 of the Complaint.

48. 3ABN denies paragraph 48 of the Complaint.

49. 3ABN denies paragraph 49 of the Complaint.

50. 3ABN lacks knowledge or information sufficient to form a belief as to the truth of paragraph 50 of the Complaint. 3ABN denies the unnumbered paragraph immediately following paragraph 50.

## AFFIRMATIVE DEFENSES

As its Affirmative Defenses to Plaintiff's Complaint, 3ABN alleges as follows:

1. Plaintiff's Complaint must be dismissed because the Court lacks subject matter jurisdiction over this matter. Specifically, the alleged basis for federal subject

matter jurisdiction is a claim under 18 U.S.C. § 2423. That claim is, on its face, time-barred and insufficiently pled because it fails to allege sexual conduct of the type proscribed by the statute. Further, the Complaint reveals on its face that Tommy Shelton did not cross state lines to engage in sexual activity. He crossed state lines to get to his job.

2. Further, even if subject matter jurisdiction existed over the claims against Tommy Shelton, supplemental jurisdiction over the state-law claim against 3ABN is absent and/or should not be exercised.

3. Plaintiff's claim against 3ABN must be dismissed, in whole or in part, because it is barred by application of the exclusive remedy provision of the Illinois Workers' Compensation Act. Specifically, Plaintiff alleges that he was injured while employed by 3ABN. The Illinois Workers' Compensation Act provides that the exclusive remedy for employees who claim to have been injured due to their employment is an action under the workers' compensation scheme. Under this law, tort claims based on the same alleged injuries must be dismissed.

4. Plaintiff's Complaint, and each of the claims for relief purportedly stated therein, is barred in whole or in part by applicable statutes of limitations or repose.

5. Plaintiff's Complaint, and each of the claims for relief purportedly stated therein, is barred in whole or in part by the doctrine of laches.

6. Plaintiff's Complaint, and each of the claims for relief purportedly stated therein, is barred in whole or in part by Plaintiff's comparative fault, comparative negligence, contributory negligence, assumption of the risk and/or other conduct for

which Plaintiff is responsible.  3ABN does not admit that any of the alleged abuse occurred.  To the extent the finder of fact were to find that any alleged abuse occurred, 3ABN states that, based on Plaintiff's own sworn testimony, the alleged 2001 abuse occurred due to Plaintiff voluntarily and negligently placing himself in situations for which he is responsible.

7.  3ABN denies that Plaintiff suffered any damage, harm or loss, but if he did, Plaintiff failed to mitigate any such damage, harm or loss by not seeking and receiving counseling from a professional mental health provider.

8.  3ABN denies that Plaintiff suffered any damage, harm or loss, but if he did, such damages were caused by the fault or negligence of others over whom 3ABN had neither control nor a right of control and for whose conduct 3ABN is not liable, including, but not limited to, the Dunn Loring Community Church of God, and Tommy Shelton while not an employee of 3ABN.

9.  3ABN reserves the right to assert any other affirmative defenses which may become apparent during investigation, discovery and trial.

WHEREFORE, 3ABN requests that this Court enter judgment in its favor and against Plaintiff Alex Walker, as follows:

1.  Dismissing Plaintiff's Complaint, and the causes of action set forth therein, with prejudice;

2.  Awarding 3ABN its reasonable costs and disbursements incurred in defending against Plaintiff's Complaint; and

3.  Granting 3ABN such other relief as the Court deems equitable and proper.

## **Demand for Jury Trial**

3ABN demands a jury trial in this action.

Respectfully submitted,

  s/ M. Gregory Simpson
M. Gregory Simpson
Anthony J. Alt
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
(612) 338-0661
gsimpson@meagher.com
aalt@meagher.com

-and-

  s/ Patrick T. Garvey (with consent)
Patrick T. Garvey
Johnson & Bell
33 West Monroe, Suite 2700
Chicago, IL 60601
(312) 984-0203
garveyp@jbltd.com

*Attorneys for Defendant*
*Three Angels Broadcasting Network, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

Adam D. Horowitz (ahorowitz@hermanlaw.com)
Jeffrey M. Herman (jherman@hermanlaw.com)
Herman, Mermelstein & Horowitz, P.A.
18205 Biscayne Blvd., Suite 2218
Miami, FL  33160

James J. Gay (jgay@jamesgaylaw.com)
Law Office of James J. Gay
1 East Wacker Drive, Suite 2300
Chicago, IL  60601

and I hereby certify that on October 1, 2012, I mailed by U.S. Postal Service, the foregoing document to the following non-registered participant:

Tommy Shelton
1431823
Fairfax County Adult Detention Center
10520 Judicial Drive
Fairfax, VA 22030

               s/M. Gregory Simpson